IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON SANDERS,

    Petitioner,                 No. 2:09-cv-3252 CKD P

    vs.

AREF FAKHOURY,

    Respondent.             <u>ORDER</u>

_____/

        Petitioner is a former state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner served a sentence of four years in prison after a jury convicted him on one count of possession of marijuana for sale. Petitioner raises five claims: (1) the trial court erred by limiting instructions on California's Compassionate Use Act (California's medical marijuana law); (2) key evidence was destroyed by the arresting officer in violation of California Penal Code §§ 135 and 135.5; (3) marijuana seized from petitioner that was booked into evidence was later tampered with by law enforcement officers in violation of California Penal Code §§ 141(a) and (b); (4) the search conducted of petitioner's person violated the Fourth Amendment; and (5) petitioner's conviction stemmed from "illegal profiling." Both petitioner and respondent consented to the jurisdiction of a United States Magistrate Judge in this case. Dckt. Nos. 8, 13. For the reasons stated herein, the federal habeas petition is denied.

1

# I. FACTUAL BACKGROUND[1]

With the use of a surveillance camera, Sacramento City Police Officer Larry Borja observed defendant, who was sitting on a bench in a "high narcotic area," reach into his right inside jacket pocket and hand something to an individual who had just walked up to him. The individual handed defendant something, which he placed in the same jacket pocket. The individual then walked away.

Defendant was detained and handcuffed. When he was asked by Officer Borja if he had identification, defendant motioned to the right side of his jacket. In defendant's inside right jacket pocket, Officer Borja found a $100 bill and two small baggies containing just under five grams of marijuana. An additional 49 small Ziploc baggies containing a total of 47.4 grams of marijuana were located in defendant's outside jacket pocket. A small scale and two more baggies of marijuana containing a total of approximately 120 grams of marijuana were found inside a paper bag in defendant's backpack. The total weight of marijuana discovered during the search was approximately six ounces. In addition to the $100 bill found in defendant's jacket pocket, defendant had $1,000 in the coin pocket of his pants, consisting of five $100 bills, one $50 bill, twenty-two $20 bills and a $10 bill. Defendant also had a bottle of insulin and a syringe. In addition, defendant had a cannabis buyer card and "recommendation paperwork for marijuana." The search did not reveal any pipes, rolling papers or other items that could be used to ingest marijuana.

At defendant's trial, an expert on the sale and use of marijuana testified that the large number of individual Ziploc baggies in defendant's possession each containing about one gram of marijuana-an amount that would sell for $15 to $20 each in a "quick sale"-indicated the marijuana was possessed for sale rather than personal use. The fact that defendant had multiple $20 bills suggested the bills were proceeds from transactions involving these quantities. Other factors suggesting the marijuana was possessed for sale included the quantity of marijuana combined with the amount of money in defendant's possession and the fact that he did not live in the area, the presence of a scale, the absence of any items for ingesting marijuana, and defendant's involvement in what appeared to be a hand-to-hand sale in an area of high narcotics traffic. The expert was presented a hypothetical based on the facts preceding defendant's detention and testified that he was

---

[1] The factual background is taken from the California Court of Appeal, Third Appellate District decision on direct appeal from August 2008 and filed in this court by respondent on May 26, 2010 as Exhibit 1 to the answer (hereinafter referred to as the "Slip Op.").

"[a] hundred percent" certain the marijuana was possessed for purposes of sale.

An expert on the medical use of marijuana testified for the defense that marijuana is used primarily for the control of pain in the treatment of a number of medical conditions, including diabetes. The expert testified that California law permits possession of up to eight ounces of marijuana "if you're a legitimate patient." He explained that one of the ways to obtain marijuana was from a club or dispensary, where quantities ranging from a gram to a pound are sold in Ziploc bags. Such clubs sell marijuana of varying quality, as lower quality marijuana can be used for cooking or making tea.

The expert confirmed that defendant was "an insulin-dependent diabetic with long-term complications" and that he had received a formal recommendation for the use of marijuana. According to the expert, the marijuana found in one of the baggies in defendant's backpack was lower quality marijuana and was consistent with use for oral ingestion. The other baggie of marijuana found in defendant's backpack had rotted from moisture, suggesting it, too, had probably been lower quality marijuana. The marijuana contained in the 49 baggies was higher quality marijuana and was most likely meant to be smoked. The expert testified that the amount of marijuana defendant had in his possession could have been a patient's one-month supply. It was his opinion that the packaging of the marijuana was not necessarily indicative of possession for sale, as it is not uncommon for patients to separate their marijuana into smaller portions to keep track of the doses.

## II.  APPLICABLE LAW FOR HABEAS CORPUS

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

/////

3

28 U.S.C. § 2254(d).[2]  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

"[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011).  "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely."  Id. at 785.

---

[2] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 119 (2007).

Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). As long as "'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief is precluded. Harrington, 131 S. Ct. 786.

### III. ANALYSIS OF PETITIONER'S CLAIMS

1. Claim 1

In claim 1, petitioner contends that his Constitutional rights were violated by the trial court when the trial court limited the scope of the defense created by California's Compassionate Use Act–California's medical marijuana law which provides an affirmative defense to prosecution for possession of marijuana–to the lesser included offense of possession of more than an ounce of marijuana. Petitioner contends that the affirmative defense provided by the act should also apply to the crime of possession of marijuana for sale.

On direct appeal, the California Court of Appeal, the last court to issue a reasoned decision with respect to petitioner's claim, found as follows with respect to claim 1:

> Defendant argues that the trial court erred by limiting its instructions on the Compassionate Use Act to the lesser included offense of possession of more than an ounce of marijuana. We disagree.
>
> The Compassionate Use Act provides, in part: "Section 11357,[3] relating to the possession of marijuana, and Section 11358, relating to the cultivation of marijuana, shall not apply to a patient, or to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician." (§ 11362.5, subd. (d).) The statute clarifies that "[n]othing in this section shall

---

[3] Unless otherwise noted, statutory references by the California Court of Appeal are to California's Health and Safety Code.

be construed . . . to condone the diversion of marijuana for nonmedicinal purposes." (§ 11362.5, subd. (b) (2).)

Defendant maintains the Medicinal Marijuana Program Act (§ 11362.7 et seq.) added possession of marijuana for sale to the list of offenses for which the Compassionate Use Act provides an affirmative defense. (§ 11362.765, subd. (a).) Section 11362.765 expressly prohibits the cultivation or distribution of marijuana "for profit," but provides that specified individuals are not subject to prosecution for possession for sale of marijuana. (§ 11362.765, subd. (a).) An individual is exempt from prosecution under this section only if he or she is: "(1) A qualified patient or person with an identification card who transports or processes marijuana for his or her own personal medical use[;] [¶] (2) A designated primary caregiver who transports, processes, administers, delivers, or gives away marijuana for medical purposes . . . only to the qualified patient of the primary caregiver, or to the person with an identification card who has designated the individual as a primary caregiver[;] [or] [¶] (3) Any individual who provides assistance to a qualified patient or person with an identification card, or his or her designated primary caregiver, in administering medical marijuana to the qualified patient or person or acquiring the skills necessary to cultivate or administer marijuana for medical purposes to the qualified patient or person." (§ 11362.765, subd. (b)(1)-(3).)

The first exemption applies only to a qualified patient whose possession of marijuana is for personal uses, not to a person who possesses marijuana for purposes of sale. As for the second and third exemptions, defendant presented no evidence that he was a "primary caregiver" or that he "provide[d] assistance to a qualified patient or a . . . primary caregiver." (§ 11362.765, subd. (b)(2) & (3).) Consequently, none of the exemptions to prosecution for possession of marijuana for sale applied to defendant's circumstances. (See *People v. Wright* (2006) 40 Cal.4th 81, 99 [jury determination that marijuana was possessed for sale rather than personal use rendered failure to give instruction on Compassionate Use Act harmless with regard to charge of transportation of marijuana.])

Black's Law Dictionary defines "affirmative defense" (see "defense") as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." (Black's Law Dict. (8th ed. 2004) p. 451, col. 1.) Possession of marijuana for sale requires an intent to sell. Thus to constitute an affirmative defense, defendant's status as a medical marijuana user must be sufficient to defeat this element of the offense. It is not.

The fact that defendant was authorized to possess marijuana for medical purposes as a qualified patient did not entitle him to

>possess it for sale. Although defendant was entitled to argue to the jury the relevance of his status as a medical marijuana user with regard to his intent, the trial court properly declined to instruct the jury on the Compassionate Use Act in regard to this offense.

Slip. Op. at 5-7.

After reviewing the court's file and relevant law, the undersigned finds that the California Court of Appeal's decision with respect to petitioner's first claim is not contrary to, nor does it involve and unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Furthermore, it is not based upon an unreasonable determination of the facts. Therefore, petitioner is precluded by 28 U.S.C. § 2254(d) from obtaining habeas relief as to claim 1. In any case, the undersigned agrees with the Court of Appeal's ultimate finding which is essentially that nothing in the language of the Compassionate Use Act, or any other provision of California law, suggests that persons may lawfully possess marijuana for sale simply based on their status as a medical marijuana user.

2. Claim 2[4]

In claim 2, petitioner asserts that California Penal Code sections 135 and 135.5 were violated when the investigating officer destroyed his notes regarding petitioner's arrest before trial, without providing a copy to petitioner or the district attorney. Section 135 provides that it is a misdemeanor for a person to willfully destroy a record that they know is about to be produced as evidence at a trial. Section 135.5 makes it a misdemeanor to alter or tamper with relevant evidence in a disciplinary proceeding against a public safety officer.

As indicated above, a writ of habeas corpus is available only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. §

---

[4] Respondent asserts petitioner has not exhausted state court remedies with respect to claims 2, 4, and 5. Because none of these claims are even colorable, the court decides their merits. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

2254(a). Since claim 2 arises under California law, it does not provide a basis for relief in this action.

3. Claim 3

In claim 3, petitioner asserts that law enforcement officials tampered with evidence in violation of California Penal Code section 141, subsections (a) and (b): "In my case medical cannibis [sic] that was booked into evidence was later tampered with by law enforcement removed from the package to implement and support a wrongful conviction of" possession of marijuana with intent to sell. Again, petitioner's claim is based on state law and, therefore, does not present a valid claim for federal habeas relief. Furthermore, petitioner fails to point to anything suggesting any federal right was violated.

4. Claim 4

In claim 4, petitioner claims his arrest, and the search of his person following his arrest, violated the Fourth Amendment. In Stone v. Powell, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976) (footnotes omitted). Petitioner does not allege or point to anything suggesting he was denied a full and fair opportunity to have his Fourth Amendment claim heard in California's courts. As such, petitioner's Fourth Amendment claim is barred.

5. Claim 5

In claim 5, petitioner asserts that his conviction was a result of "illegal profiling." Petitioner claims that the prosecution was based solely on petitioner's possession of twenty dollars and the clothes that he was wearing. While it is not entirely clear, it appears petitioner actually challenges the sufficiency of the evidence presented at trial. A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to convict. In Jackson v. Virginia, 443 U.S. 307, 319 (1979), the Supreme Court held "the

8

relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.)

Plaintiff suggests the only evidence presented to the jury indicating he possessed marijuana for sale was based on clothes he was wearing at the time he was arrested and because he had $20 in his possession. As indicated above, this grossly understates the evidence of guilt presented at trial. Evidence showing petitioner possessed marijuana for sale included: 1) the fact that an officer witnessed what could be construed as petitioner exchanging marijuana with another person for payment; 2) the amount of marijuana petitioner had on his person; 3) the manner in which it was packaged; 4) the amount and denominations of U.S. currency possessed; and 5) the fact that petitioner possessed a scale. In light of these facts, petitioner has no serious challenge to the sufficiency of the evidence presented to establish that he possessed marijuana for sale.

## IV.  CONCLUSION

For the reasons discussed in this order, petitioner is not entitled to federal habeas relief. Should petitioner wish to appeal the court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In this case, petitioner fails to make a substantial showing of the denial of a constitutional right with respect to any issue presented.

1       Accordingly, IT IS HEREBY ORDERED that:

2       1. Petitioner's application for writ of habeas corpus is denied;

3       2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

5       3. This case is closed

Dated: July 13, 2012

                                      /s/ Carolyn K. Delaney
                                      CAROLYN K. DELANEY
                                      UNITED STATES MAGISTRATE JUDGE

1
sand3252.157